(No. 81-CC-0630—)

Bruce J. Osher, Claimant, *v.* The State of Illinois, Respondent.

*Opinion filed April 15, 1981.*

William J. McGann, for Claimant.

Tyrone C. Fahner, Attorney General (John R. Fanone, Assistant Attorney General, of counsel), for Respondent.

Roe, C. J.

This claim arose out of several alleged acts of negligence on the part of the State which were said to have caused Claimant severe and permanent personal injuries. On December 10, 1980, we entered an order granting a motion by Respondent to dismiss on grounds that the notice requirements of section 22—1 (Ill. Rev. Stat., ch. 37, par. 439.22—1), were not complied with.

Claimant moved to vacate said order and, in support of his motion, argued that a waiver might have occurred, and requested an additional 45 days to ascertain its existence. Respondent objected on two grounds: the first attaching the timeliness of Claimant's motion to vacate, and the second being directed to Claimant's argument for a waiver.

We do not find it necessary to address the first objection by Respondent. Even if we assume that the motion to vacate was filed on time and that insurance existed, we have held in *Elliston v. State of Illinois*, No. 76-CC-0555 (filed June 12, 1978), that the waiver relating to municipalities is inapplicable to the State.

Accordingly, Claimant's motion to vacate is hereby denied.